UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BARBARA LENTINI,

Plaintiff,

vs.                                                        Case No.:

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

Defendant.
_____/

## COMPLAINT

1.      Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C.

1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat.  559.55

et seq. ("FCCPA").

## JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant

to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection

Practices Act, Fla. Stat. 559.55 et seq.

3.      This action arises out of Defendant's violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal

and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer

debt from Plaintiff.

4.      Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.      Plaintiff, BARBARA LENTINI, is a natural person who resides in the City of Ft. Lauderdale, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter "Defendant Portfolio Recovery") is a collection agency operating from an address of 120 Corporate Boulevard, Suite 100, Norfolk, VA 23502-1111, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant Portfolio Recovery regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant Portfolio Recovery regularly collects or attempts to collect debts for other parties.

9.      Defendant Portfolio Recovery was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.     Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

2

13.     The following third-party heard the message while at or visiting Plaintiff's residence on one or more occasions: Plaintiff's Daughter, Natalie Stapleton.

14.  Plaintiff did not authorize Defendant to communicate with the third-party.

15. No court authorized Defendant to communicate with the third-party.

16. The third-party had no legitimate business need for the information communicated in the telephone messages.

17. Defendant knew or had reason to know that the third-party had no legitimate business need for the information communicated in the telephone messages.

18. The messages communicate information affecting Plaintiff's reputation.

19. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left at Plaintiff's residence.

## COLLECTION CALLS

20.     In or about November and December 2010, Defendant Portfolio Recovery's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21.     During at least one of Defendant's attempts to collect a debt from Plaintiff, Defendant left a voice mail message on Plaintiff's answering machine identifying himself as a debt collector.

22.     Defendant repeatedly attempted to collect this debt with intent to harass Plaintiff.

## SUMMARY

23.     The above-described collection communication made to Plaintiff by Defendant Portfolio Recovery, and a collection employee employed by Defendant Portfolio Recovery, was

made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §
1692c, as well as the FCCPA §§ 559.72(5) and 559.72(7).

24.     The above-detailed conduct by this Defendant of harassing Plaintiff in its effort to
collect this debt was a violation of numerous and multiple provisions of the FDCPA, including
but not limited to all of the above mentioned provisions of the FDCPA, as well as invasions of
Plaintiff's privacy by intrusions upon seclusion and by revelation of private financial facts and
resulted in actual damages to this Plaintiff.

25.     Defendant's disclosure of Plaintiff's indebtedness to a third-party was an invasion
of her privacy and her right to financial privacy.

## TRIAL BY JURY

26.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues
so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint
as though fully stated herein.

28.     The foregoing act and omission of the Defendant and its agent constitutes
numerous and multiple violations of the FDCPA including, but not limited to, each and every
one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this
Plaintiff.

29.     As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to
statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO A THIRD-PARTY

30.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

31.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

32.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a) (emphasis added).

33.     Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

34.     Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to a third-party, and thereby invaded Plaintiffs' right to financial privacy.

35.     Defendant disclosed Plaintiff's alleged indebtedness to Natalie Stapleton, who is Plaintiff's daughter.  Defendant knew or had reason to know that Natalie Stapleton did not have a legitimate need for the information.

36.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

37.     The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

## COUNT 3

## VIOLATION OF 559.72 (5) OF THE FLORIDACONSUMER COLLECTION PRACTICES ACT

38.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39.     Defendant disclosed Plaintiff's alleged indebtedness to a third-party, Natalie Stapleton.  Defendant knew or had reason to know that Natalie Stapleton did not have a legitimate need for the information.

40.     As a result of the improper disclosure to a third-party, Plaintiff's reputation has been affected.

## COUNT 4

## VIOLATION OF 559.72(7) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

41.     Defendant repeatedly attempted to collect a debt from Plaintiff with intent to annoy or harass Plaintiff.


WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)    Attorneys' fees and costs

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated:  March 9, 2011                          Respectfully submitted,


/s Andrew I. Glenn_____
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:  (954) 921-9553
Attorneys for Plaintiff